[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14320
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-00652-UAMH-JRK

CHRISTOPHER BOWDEN,

Plaintiff-Appellee,

versus

ROBERT STOKELY,
in his individual capacity,
WARREN HALL,
in his individual capacity,

Defendants-Appellants,

PAMELA SMITH,
in her individual capacity, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 14, 2014)

Before TJOFLAT, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Christopher Bowden, a Florida state inmate, filed an action under 42 U.S.C. § 1983 against correctional officers Robert Stokely and Warren Hall.[1]  Relevant to this appeal, Bowden's Amended Complaint alleges that Stokely and Hall used excessive force against him in violation of the Eighth Amendment of the U.S. Constitution.  After discovery, Stokely and Hall moved for summary judgment. The magistrate judge found there were two contradictory stories of the physical altercation and recommended denying the motion.  Based on that conclusion and our precedent that "a defense of qualified immunity is not available in cases alleging excessive force in violation of the Eighth Amendment," Skrtich v. Thorton, 280 F.3d 1295, 1301 (11th Cir. 2002), the magistrate judge also recommended denying Stokely and Hall qualified immunity.  The district court adopted the report and recommendation as its order.  Stokely and Hall then filed this interlocutory appeal.[2]  Because we agree with the district court that there is a material dispute of fact that precludes summary judgment, we affirm.

---

[1] During the proceedings below, Bowden named additional defendants who are not at issue in this appeal.  There is also some confusion about the proper spelling of Stokely's name.  We use the spelling as it appears in the caption.

[2] Bowden challenges this Court's jurisdiction to review the district court's summary judgment ruling.  However, this Court has jurisdiction over final orders denying qualified immunity. See Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817 (1985) (citing 28 U.S.C. § 1291). In this case, our analysis of the availability of qualified immunity depends on whether a

2

I.

The parties agree to some extent on what took place on November 6, 2011, at the Reception Medical Center of the Florida Department of Corrections.  On Bowden's way to eat, he and Stokely had a verbal exchange about Bowden's compliance with the facility's shaving rules.  Shortly after the exchange, Stokely or Hall called Bowden to the officer's station.  While Bowden, Stokely, and Hall were together in the officer's station, a physical altercation ensued.  Only those three were in the officer's station, which does not have a security camera.  During the altercation, Stokely and Hall used force against Bowden.  Stokely took Bowden to the ground.  Hall sprayed Bowden with chemical agents.  At some point Bowden was handcuffed.  Bowden sustained a laceration on his head.  The parties dispute who started the altercation and the amount of force Stokely and Hall used.

II.

"We review de novo a district court's ruling on summary judgment, applying the same legal standards as the district court."  Skrtich, 280 F.3d at 1299.  Summary judgment is appropriate only when the evidence before the court demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

---

reasonable jury could find excessive force that violates the Eighth Amendment.  See Skrtich, 280 F.3d at 1301.

3

A.

In Eighth Amendment excessive force cases, the "core judicial inquiry" is "not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S. Ct. 1175, 1178 (2010) (per curiam) (quotation marks omitted) (concluding that a gratuitous beating by prison guards, even without injuries requiring medical attention, violated a prisoner's Eighth Amendment rights). In determining whether the force was applied maliciously and sadistically to cause harm, courts consider: "a) the need for the application of force; b) the relationship between the need and the amount of force that was used; c) the extent of the injury inflicted upon the prisoner; d) the extent of the threat to the safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response." Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009) (per curiam). "When considering these factors, we give a wide range of deference to prison officials acting to preserve discipline and security, including when considering decisions made at the scene of a disturbance." Id. (quotation marks omitted).

Under Bowden's version of the events, we agree with the district court that a reasonable jury could conclude that Stokely and Hall applied force maliciously and sadistically, rather than in a good-faith effort to restore or maintain order. If the

4

jury believes Bowden, he did nothing to cause a disturbance, present a threat to security or order, or threaten the safety of staff or other inmates. Cf. Danley v. Allen, 540 F.3d 1298, 1308 (11th Cir. 2008) ("Danley created a disturbance by failing to obey orders, and the jailers' initial use of pepper spray was a reasonable response to that threat."). As a result, there would have been no need for the use of force, much less for the amount of force used, especially if, according to Bowden's version, the use of force continued after he was handcuffed and being held down on his stomach. See id. at 1309 ("Once a prisoner has stopped resisting there is no longer a need for force, so the use of force thereafter is disproportionate to the need.").

While the defendants argue that Bowden's injuries are de minimis, the Supreme Court has regularly admonished courts that require a significant injury threshold for stating an excessive force claim. See Wilkins, 559 U.S. at 38, 130 S. Ct. at 1178–79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."); accord Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000 (1992). Bowden's testimony is that he was the victim of an unprovoked attack in circumstances that did not present a risk of creating a disturbance or harming staff or other inmates. This version of the events could support an excessive force claim despite the lack of serious injuries.

5

Although Stokely and Hall dispute Bowden's version of events, at this stage we are required to view the facts in the light most favorable to Bowden and draw all reasonable inferences from those facts in his favor. See Skop v. City of Atlanta, 485 F.3d 1130, 1136 (11th Cir. 2007). Credibility determinations are impermissible at the summary judgment stage of a case. Moorman v. UnumProvident Corp., 464 F.3d 1260, 1266 n.1 (11th Cir. 2006). As a result, we cannot resolve disputed evidence in Stokely and Hall's favor where Bowden's evidence is based on his personal observations and not blatantly contradicted by other evidence in the record. See Miller v. Harget, 458 F.3d 1251, 1256 (11th Cir. 2006) ("Even if the district court believes that the evidence presented by one side is of doubtful veracity, it is not proper to grant summary judgment on the basis of credibility choices.").

Lastly, Stokely and Hall challenge Bowden's version of the facts as an improper attack on the prison's disciplinary report, in which Bowden was charged and found guilty of attempted battery on a correctional officer.[3] However the case they rely on, O'Bryant v. Finch, 637 F.3d 1207 (11th Cir. 2011) (per curiam), involved a retaliation claim under the First Amendment, in which O'Bryant claimed a correctional officer brought a disciplinary action against him in

---

[3] Bowden's lawsuit does not involve the deprivation of good time credits, nor the validity of Bowden's conviction or sentence, claims that would be barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), and Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997).

retaliation for O'Bryant's grievance filings.  Id. at 1211.  In contrast, Bowden has

not argued the disciplinary report was retaliatory or challenged whether he

received due process.  Nor have defendants offered authority under Florida law

that the findings of the disciplinary report should have preclusive effect over

Bowden's Eighth Amendment claim.  Cf. Cook v. State, 921 So. 2d 631, 635 (Fla.

2d DCA 2005) ("Differences in the burden of proof or persuasion between the

initial proceeding and the subsequent proceeding may also affect whether the

doctrine of collateral estoppel will be applied.").

## B.

Because the district court did not err in finding a material dispute of fact as

to Bowden's Eighth Amendment claim, it did not err in denying qualified

immunity.  Under the doctrine of qualified immunity, if the defendant establishes

that he was acting within the scope of his discretionary authority when the alleged

excessive force occurred, the burden shifts to the plaintiff to show that the

defendant is not entitled to qualified immunity.  Skop, 485 F.3d at 1136–37.  To

defeat qualified immunity, a plaintiff must show both that a constitutional violation

occurred and that the constitutional right violated was clearly established.  Fennell,

559 F.3d at 1216.  In Eighth Amendment excessive force cases, however, "the

subjective element required to establish [the constitutional violation] is so extreme

that every conceivable set of circumstances in which this constitutional violation

7

occurs is clearly established to be a violation of the Constitution." <u>Johnson v. Breeden</u>, 280 F.3d 1308, 1321–22 (11th Cir. 2002).

Here, because a reasonable jury could find Stokely and Hall violated Bowden's Eighth Amendment rights, Stokely and Hall are not entitled to qualified immunity. While we agree with defendants that there is no per se rule barring qualified immunity in Eighth Amendment cases, where the plaintiff has sufficiently alleged or shown a material dispute of fact as to an excessive force claim, summary judgment based on qualified immunity is not appropriate. <u>See Skrtich</u>, 280 F.3d at 1301.

## III.

Because there is a material dispute of fact as to the events that underlie Bowden's Eighth Amendment excessive force claim, the district court properly denied summary judgment and defendants' assertion of qualified immunity. The district court's order is therefore **AFFIRMED.**

8